Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

Nina Massen
212.471-4448 direct
212.583.9600 main
646.417.7534 fax
nmassen@littler.com

November 12, 2019

> Request DENIED. The conference will proceed as scheduled. Plaintiff shall be prepared to show cause why sanctions should not be imposed as a result of counsel's failure to participate in the drafting of the joint letter and proposed Case Management Plan and Scheduling Order, as required by several of the Court's orders. *See* ECF Nos. 2, 33, 41. The Clerk of Court is directed to terminate ECF No. 42. SO ORDERED.
>
> November 13, 2019

**VIA ECF FILING**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  Civil Case Management Plan and Scheduling Order
Luis Batista v. Palm West Corporation et al.
1:19-cv-4455 (JMF)

Dear Judge Furman:

We are counsel to all Defendants in the above action.

### Request for Adjournment Pending Mediation

For the reasons set forth in the Affirmation of Nina Massen in Support of Defendants' Request for Further Adjournment of the Initial Scheduling Conference, this letter and the Civil Case Management Plan and Scheduling order are not jointly submitted. Accordingly, Defendants seek to further adjourn the Initial Pretrial Conference currently scheduled for November 15, 2019. This is the parties' second request for an adjournment, this one predicated on the fact that the parties were referred to the Court's Alternative Dispute Resolution program on October 17, 2019. A mediator was assigned on November 1, 2019.

In consultation with the mediator, the mediation was originally scheduled for November 25, 2019, but the mediator became unavailable on the date. The parties are now targeting either January 6 or 27, 2020. A mediation date in December was determined to be infeasible because of the difficulty in having certain of the Defendants participate in the mediation during the restaurant's busiest season and vacations scheduled during the year-end holiday period. We respectfully request that the Initial Pretrial Conference be adjourned pending the mediation to give the parties the opportunity to resolve this matter.

**Case Summary**

Should the Court deny this adjournment request, counsel jointly provides below a summary of the case in accordance with the Court's Individual Rules and Practices, as follows:

*1. A brief statement of the nature of the action and the principal defenses thereto:*

This case involves claims of failure to hire on the basis of race, national origin discrimination, hostile work environment, and retaliation. Plaintiff alleges that shortly after he was hired by the Palm West Corporation as a Server Assistant he was promised to be promoted to a Server. He further alleges that he, and other Hispanic Server Assistants, were passed over for promotion to Server in favor of non-Hispanic Server Assistants. Plaintiff alleges that when he complained that he had not been promoted, Defendants retaliated against him by further delaying his promotion and creating a hostile work environment. He also alleges that the hostile work environment was caused in part by the sexual harassment of female employees. Plaintiff alleges that he was constructively discharged.

Defendants deny Plaintiff's allegations. Defendant was offered promotion to Server, but declined the offer and resigned. To the extent that Plaintiff was not promoted to Server as soon as he would have preferred, the delay was due to operational considerations at the restaurant and not discriminatory animus, as will be shown by the fact that other Hispanic Server Assistants had been promoted to Server. Plaintiff's hostile work environment claim is without merit because he has not, and cannot, identify any discriminatory utterances or conduct that was sufficiently severe or pervasive to render his work environment hostile. There is no evidence that female employees were sexually harassed by Defendants. Plaintiff's resignation nullifies his constructive discharge claim.

*2. A brief explanation of why jurisdiction and venue lie in this Court;*

The parties are agreed that jurisdiction and venue are appropriate to this Court because Plaintiff's domicile is in New York and Palm West Corporation (Plaintiff's employer) is located in New York City.

*3. A statement of all existing deadlines, due dates, and/or cut-off dates;*

Aside from the mediation date, which is soon to be settled, for January 2020, there are no existing deadlines.

*4. A description of any outstanding motions;*

There are no pending motions.

5. *A brief description of any discovery that has already taken place, including discovery pursuant to the Initial Discovery Protocols, and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;*

No discovery has occurred to date, but the parties will comply with the requirements of pre-mediation disclosure.

6. *A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;*

The parties have not engaged in substantive settlement discussions in light of the upcoming mandatory mediation that will provide the appropriate forum for such discussions.

7. *A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and*

The parties are committed to participating in the Court's mandatory mediation program in good faith. In the event that the mediation is not successful in fully resolving this matter, the parties are open to revisiting the use of any or all alternate dispute resolution mechanisms available as the litigation proceeds. It is anticipated that the next opportunity to utilize such mechanisms would be after the close of discovery when the facts of the case will be better known than they are at present.

8. *Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.*

Counsel is not aware of any dispositive or novel issues that warrant the Court's attention at this time.

**Proposed Civil Case Management Plan and Scheduling Order**

The dates proposed in the Civil Case Management Plan and Scheduling order reflect the undersigned counsel's assumption that the Initial Scheduling Conference will occur immediately following the mediation, assuming it is unsuccessful. Counsel further assumes that discovery can be engaged in expeditiously due to the considerable lead time, but given that there are

three corporate defendants, five individual defendants, and three fact witnesses identified in the Complaint, we will likely face a heavy deposition schedule.

Respectfully submitted,

Nina Massen
*Counsel for Defendants*

Cc: Melissa Mendoza, Esq., Plaintiff's Counsel (by PDF)

4820-1737-4636.1 065832.1023